```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**DENNIS ANDREW MACALUSO, # 204352**                        **PLAINTIFF**

**VERSUS**                   **CIVIL ACTION NO. 3:17cv249-TSL-RHW**

**TIGER COMMISSARY NETWORK,
MISSISSIPPI DEPARTMENT OF
CORRECTIONS, PELICIA HALL,
HARRISON COUNTY JAIL, TROY
PETERSON, MISSISSIPPI
LEGISLATURE, and SHERIFF PETER
WALKER**                                                   **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

This matter is before the court sua sponte. Pro se plaintiff Dennis Andrew Macaluso is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the conditions of his confinement. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Macaluso is an MDOC inmate, currently housed at the Jefferson-Franklin Regional Correctional Facility. Before being housed at this prison, he was a pretrial detainee at the Harrison County Jail. Defendant Tiger Commissary Network is alleged to be an Internet-based, prison canteen vendor, from Arkansas. Tiger Commissary is the prison canteen vendor for MDOC, Jefferson-Franklin Regional Correctional Facility, and the

Harrison County Jail. Defendant Pelicia Hall is the Commissioner of MDOC. Defendant Troy Peterson is the Sheriff of Harrison County. Defendant Sheriff Peter Walker is the Jefferson County Sheriff, alleged to be responsible for the Jefferson-Franklin Regional Correctional Facility. Other Defendants include MDOC, the Harrison County Jail, and the Mississippi Legislature.

Macaluso claims that Tiger Commissary subjects him to price gouging on canteen items and that Peterson and Walker agreed to the prices that Tiger Commissary set. Macaluso asserts that he complained to Hall about it, but she did not do anything to fix it. He also blames the State Legislature for not passing laws to protect him from price gouging on canteen.

Macaluso further complains that Tiger Commissary charges him ten percent on all deposits made to his inmate account, as well as purchases made from Tiger Commissary. He further alleges that it and the State Legislature are charging him sales tax on Internet sales from Tiger Commissary.

Finally, Macaluso complains that the Harrison County Jail has a policy of refusing a refund when an inmate is transferred from the jail and he has an outstanding commissary order. Instead, a family member must come and pick up the order, or the

inmate must do without. When Macaluso was transferred from Harrison County to MDOC, he had an outstanding canteen order that his wife picked up for him.

Macaluso brings this action under 42 U.S.C. § 1983, asserting claims for equal protection, cruel and unusual punishment, double jeopardy, and taxation in violation of the Commerce Clause. He seeks damages and injunctive relief, including to stop the sales tax.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court. The statute provides in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding

under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Macaluso to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under § 1915.

Macaluso sues all defendants for price gouging on the use of prison commissary. He also accuses Tiger Commissary and the State Legislature of assessing a sales tax in violation of the Commerce Clause. Finally, he claims Harrison County's no refund policy violates due process and the Eighth Amendment.

PRICE GOUGING

Macaluso first complains that he is charged too much money for the use of his inmate account and purchase of canteen items. He is allegedly charged ten percent on all deposits and purchases. In addition to this ten percent fee, all items purchased from the prison commissary are said to be two to three times more expensive than like items sold in the free-world. This, he claims, violates Equal Protection and constitutes cruel

4

and unusual punishment and double jeopardy.

Macaluso has no constitutional right to the use of prison commissary, nor that it be provided to him at any particular price. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (holding 30 day loss of commissary privileges did not implicate due process); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980); Billizone v. Jefferson Par. Corr. Ctr., 14-2594, 2015 U.S. Dist. LEXIS 26615 at *12-13 (E.D. La. Feb. 9, 2015); Kennith v. Mancuso, 12-2510, 2013 U.S. Dist. LEXIS 123266 at *5 (W.D. La. Aug. 1, 2013); Armstrong v. Broadus, 1:08cv225-HSO-JMR, 2009 U.S. Dist. LEXIS 125942, at *24-25 (S.D. Miss. Apr. 23, 2009); Hardin v. Johnson, 1:08cv36, 2008 U.S. Dist. LEXIS 26843 at *9-10 (N.D. Miss. Apr. 1, 2008); Reed v. Dallas Cty. Sheriff's Dep't, 3:03cv2166, 2004 U.S. Dist. LEXIS 22474 at *16 (N.D. Tex. Sept. 28, 2004). The claims concerning the ten percent fees and cost of canteen items are frivolous and will be dismissed with prejudice.

SALES TAX ON INTERNET PURCHASES

Next, Macaluso sues Tiger Commissary and the State Legislature, complaining that he is being charged sales tax on his purchases from Tiger Commissary, an alleged Internet-based company from Arkansas. He claims this is unconstitutional under

"the Amazon case." (Resp. at 2). He thus appears to argue that the sales tax violates the dormant Commerce Clause.

The dormant Commerce Clause "prohibits discrimination against . . . and bars state regulations that unduly burden interstate commerce." Quill Corp. v. North Dakota, 504 U.S. 298, 312 (1992). For example, the Commerce Clause prevents a State from requiring that a vendor collect sales tax, when that vendor has no physical presence in the State. Id. at 311. Furthermore, a customer who ultimately pays the sales tax on his purchase has standing to raise the Commerce Clause issue. Gen. Motors Corp. v. Tracy, 519 U.S. 278, 286 (1997).

Nevertheless, the Tax Injunction Act provides that the "district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Mississippi has such a remedy. Home Builders Ass'n v. City of Madison, 143 F.3d 1006, 1012 (5th Cir. 1998). This statute's jurisdictional bar also applies to suits for tax refunds and for damages. Moss v. Georgia, 655 F.2d 668, 669 (5th Cir. 1981) (damages); United Gas Pipe Line Co. v. Whitman, 595 F.2d 323, 324 (5th Cir. 1979) (refund).

Principles of comity likewise bar taxpayers from asserting

6

§ 1983 actions for damages "against the validity of state tax systems in federal courts." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981). "Such taxpayers must seek protection of their federal rights by state remedies, provided of course, that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions" in the United States Supreme Court. Id.

Because Macaluso challenges the collection of a Mississippi sales tax and that State provides a plain, speedy, and efficient remedy to address his claim, this court lacks jurisdiction over the sales tax claim. It is dismissed without prejudice.

NO REFUND POLICY

Finally, Macaluso challenges Harrison County's alleged no refund policy, under Due Process and the Eighth Amendment. He complains that a transferred inmate gets no refund for outstanding canteen orders and must do without the order altogether, unless his family member picks it up. Macaluso admits that he was not harmed by this policy, as he did receive his particular commissary order. This claim is frivolous.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is dismissed. The sales tax claim is dismissed without prejudice for lack of jurisdiction. The

remainder is dismissed with prejudice as frivolous.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2017.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE